1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY REGALADO,

11              Plaintiff,                    No. 2: 11-cv-2852 KJN P

12        vs.

13   R.J. RACKLEY, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a former state prisoner proceeding without counsel.  Plaintiff seeks

17   relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C.

19   § 636(b)(1) and Local Rule 302.

20        Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        The determination that a plaintiff may proceed in forma pauperis does not

23   complete the inquiry.  The court is also required to screen complaints brought by parties

24   proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

25   1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

26   dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the

1

allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. Under the notice pleading standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559

F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.

Named as defendants are Warden Salinas, Deputy Warden Rackley, Correctional Officer Cline, Sergeant Martinez, Lieutenant Fox, Lieutenant Brooks, Lieutenant Gamble, Appeals Analyst Zuniga, Chief Disciplinary Officer Almagore, Chief of Inmate Appeals Foston and Captain Briggs.

Plaintiff alleges that on August 27, 2010, he was found non-responsive in his cell. Because it was determined that plaintiff had consumed inmate manufactured alcohol and was possibly suffering a drug overdose, plaintiff was taken to the San Joaquin General Hospital. Plaintiff was escorted to and from the hospital by defendant Cline.  At the hospital, plaintiff blew a .026 on a breathalizer test and tested positive for opiates.  Defendant Cline received copies of the test results.

On September 2, 2010, plaintiff was given a rules violation report by defendant Martinez which charged plaintiff with being under the influence of alcohol.  On September 15, 2010, plaintiff attended a disciplinary hearing for this rules violation report.  Plaintiff was found guilty and assessed 61 days of credits.

On September 15, 2010, plaintiff received a rules violation report authored by defendant Fox charging him with possession of a controlled substance.  The rules violation report reflected a "discovery" date of September 3, 2010.  On September 22, 2010, plaintiff attended a disciplinary hearing regarding these charges.  Defendant Brooks would not allow plaintiff to call Lieutenant Wong as a witness.  Defendant Brooks found plaintiff guilty and assessed him 130 days of credits, 30 days loss of visits and 30 days loss of non-contact visits and one year of random drug testing.

////

3

On September 27, 2010, plaintiff received a final copy of the rules violation report prepared by defendant Brooks which had been finalized by defendant Almagore.

On September 30, 2010, plaintiff appealed his disciplinary convictions for possession of a controlled substance.  On November 23, 2010, plaintiff received a second level response to this appeal from defendants Gamble and Rackley.  In their response, defendants Gamble and Rackley modified plaintiff's sentence from 30 days loss of visits to 90 days loss of visits.

On November 29, 2010, plaintiff appealed the decision of defendants Gamble and Rackley to defendant Foston.  On January 16, 2011, plaintiff submitted a new administrative appeal in an attempt to obtain a copy of a report from defendant Cline regarding his escort of plaintiff to and from the hospital.  On February 3, 2011, defendant Zuniga screened out this appeal.  On March 25, 2011, defendant Martinez allegedly spoke to plaintiff regarding defendant Clines' admission that he never wrote a report regarding plaintiff's transport.  Defendant Martinez allegedly told plaintiff that he had spoken to defendants Rackley, Gamble and Almagore who said that if plaintiff pursued this appeal, he would open up a can of worms.

Plaintiff alleges that defendant Cline violated his rights by failing to write a report recording the events that took place when he escorted plaintiff to the hospital.  Plaintiff argues that if defendant Cline had written the report, plaintiff could have easily established the date of "discovery."  Plaintiff also argues that defendant Fox violated his rights by falsifying information and by breaking the chain of evidence.  Plaintiff argues that defendant Fox falsified evidence in order to make the charges stick.

Plaintiff alleges that defendant Brooks violated his rights by refusing his request to call Lieutenant Wong as a witness.  Plaintiff argues that defendant Brooks found plaintiff guilty based on a test that was taken "outside the chain of custody."  Plaintiff argues that defendants Almagore, Gamble, Zuniga, Rackley, Briggs and Foston violated his rights by upholding his disciplinary convictions.

4

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Id. at 454 (citing Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974)).

The undersigned does not understand plaintiff's claim that defendant Cline violated his rights by failing to write a report regarding the events that took place during his transport of plaintiff to and from the hospital.  It is unclear how a report regarding the transport was relevant to the two disciplinary charges.  Plaintiff's claim may concern defendant Cline's handling of the test results he received at the hospital, but this is not clear from the complaint. Because the undersigned cannot determine whether plaintiff has stated a potentially colorable claim for relief against defendant Cline, the claims against this defendant are dismissed with leave to amend.

Plaintiff alleges that defendant Fox falsified evidence, but does not identify any of the allegedly false evidence.  Plaintiff also alleges that defendant Fox broke the chain of evidence, but offers no other allegations to support this claim.  Because the allegations against defendant Fox are vague and conclusory, the claims against this defendant are dismissed with leave to amend.

Plaintiff alleges that defendant Brooks violated his rights by denying his request to call Lieutenant Wong as a witness.  Plaintiff does not describe Lieutenant Wong's proposed testimony.  Without this information, the undersigned cannot determine whether plaintiff has stated a colorable claim for relief against defendant Brooks.  Accordingly, the claims against this defendant are dismissed with leave to amend.

////

5

Plaintiff's allegations against the remaining defendant stem largely from their alleged involvement in the administrative appeals process.  Plaintiff alleges that he was advised not to pursue his appeals regarding defendant Cline's failure to prepare a report in order to avoid opening up a can of worms.

There is no liberty interest in a prison grievance procedure as it is a procedural right only.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Additionally, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley, 997 F.2d at 495.  Accordingly, to the extent plaintiff alleges that defendants violated his right to due process by mishandling his grievances, he has not stated a potentially colorable claim for relief.

Plaintiff may be claiming that by denying his appeals and discouraging him from pursuing them, these defendants ratified the allegedly unconstitutional conduct of the other defendants, i.e., defendants Cline, Brooks and Fox.

The undersigned is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory.  However, this hesitancy is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory.  If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

If plaintiff files an amended complaint, he must demonstrate how the conduct of the defendants reviewing his administrative grievances constituted an automatic whitewash of the allegedly unconstitutional conduct of the other defendants.  Plaintiff may also wish to describe the "can of worms" he was encouraged not to open.

////

6

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed without prejudice.  Plaintiff is granted 30 days from the date of this order to file an amended complaint that is consistent with this order and complete in itself.  The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.[1]  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended

---

[1]  Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

DATED:  November 18, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

reg2852.14

8